IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 1, 2018 Session

**ROBERT TOWNSEND v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 12-04688        James C. Beasley, Jr., Judge**

_____

**No. W2017-01667-CCA-R3-PC**

_____

The petitioner, Robert Townsend, appeals the denial of his post-conviction petition, arguing the post-conviction court erred in dismissing his petition as untimely. Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Lance R. Chism, Memphis, Tennessee, for the appellant, Robert Townsend.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Devon Lepeard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

A Shelby County jury convicted the petitioner of first-degree murder for the 2012 shooting death of Markeith Bohannon and sentenced him to life in prison. *State v. Robert Townsend*, No. W2014-00992-CCA-R3-CD, 2015 WL 5012809, at *1-7 (Tenn. Crim. App. Aug. 25, 2015). On August 25, 2015, this Court upheld the petitioner's conviction after he challenged the sufficiency of the evidence supporting the same on direct appeal. *Id.* at *8-9. After the denial of the direct appeal, trial counsel filed a Rule 14 motion to withdraw from the petitioner's case along with a notice asserting he would not file a Rule 11 application on behalf of the petitioner. After trial counsel withdrew, the petitioner did not file a Rule 11 application on his own behalf. Instead, on September 30, 2016, the

petitioner filed a lengthy *pro se* petition for post-conviction relief alleging numerous deficiencies of trial counsel. The post-conviction court appointed counsel who filed a "Motion to Toll the Statute of Limitations based on Due Process Principles" on June 2, 2017. The post-conviction court held a hearing to determine the timeliness of the petition during which both trial counsel and the petitioner testified.

Trial counsel represented the petitioner at trial and on direct appeal. After the denial of the direct appeal on August 25, 2015, trial counsel withdrew from the petitioner's case and filed a notice with the trial court asserting he would not file a Rule 11 application to the Tennessee Supreme Court on the petitioner's behalf. Trial counsel sent a letter to the petitioner detailing the same on August 27, 2015. Trial counsel did not inform the petitioner of his post-conviction deadline, stating he did not know of "an exact day as to when the statute of limitation would run, because I don't know if he's going to file a *[p]ro [s]e* Rule 11 or if there's going to be other post-decision actions that would take place that would change that filing deadline."

On August 11, 2016, in response to the petitioner's "request for transcripts," trial counsel wrote to the petitioner explaining he did not have a copy of a sentencing hearing transcript because the trial court sentenced the petitioner at the end of trial and he did not have the transcript or audio of the closing statements made at trial. In the letter, trial counsel stated, "[y]our post-conviction attorney will be able to request, if he/she needs it. Please do not delay filing. The [c]ourt will assign an attorney to assist you once it's filed." Typically, trial counsel responds to requests like the one from the petitioner "immediately . . . because we don't want to delay any possible filing of the post-conviction." Trial counsel reiterated he did not inform the petitioner of his post-conviction filing deadline or look to see if the petitioner filed a Rule 11 application on his own behalf.

The petitioner acknowledged the opinion denying his direct appeal issued on August 25, 2015. As such, the petitioner knew he had until approximately October 24, 2015, to file an appeal with the Tennessee Supreme Court, though he never filed the appeal. While incarcerated, the petitioner "talked to several inmates about [his] case and they told [him] about the post-conviction." The petitioner learned he had one year "[f]rom the Court of Appeal['s]" decision to file his post-conviction petition, and he sought the help of Jerome Barrett to complete the same. Mr. Barrett, an inmate with "a reputation of filing post-convictions," worked in the prison library and charged inmates $100 to file post-conviction petitions. Mr. Barrett told the petitioner he had one year after the expiration of the deadline for filing a Rule 11 application within which to file his petition for post-conviction relief. As such, the petitioner believed he had until October 23, 2016, to file his post-conviction petition, but noted he would have timely filed the petition had he known the correct deadline. However, during cross-examination, the

petitioner further acknowledged when he learned of his post-conviction options, he believed he had until August 25, 2016, to file his petition for relief.

Upon its review, the post-conviction court entered an order denying the petition as time-barred pursuant to Tennessee Code Annotated § 40-30-102. This appeal followed.[1]

## ANALYSIS

On appeal, the petitioner claims he is entitled to due process tolling of his post-conviction claims, arguing they were untimely filed subsequent to "bad advice" from "a prison legal advisor who also runs an illegal law practice on the side." The petitioner also argues trial counsel failed to inform him of the proper post-conviction filing date and, despite law to the contrary, asserts attorneys should be required to provide the post-conviction deadline to their clients. We disagree with both of the petitioner's claims.

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court to which an appeal is taken" in which to file a petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(a). "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id.*

If a petitioner faces circumstances beyond his control, due process concerns allow courts to review an otherwise untimely post-conviction petition. *See Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). The Tennessee Supreme Court has outlined limited circumstances which call for due process tolling of untimely post-conviction petitions. To qualify, a petitioner must prove his post-conviction petition was untimely due to mental impairment or attorney misrepresentation. *See Williams*, 44 S.W.3d at 470-71; *Seals v. State*, 23 S.W.3d 272, 277-80 (Tenn. 2000). Additionally, a petitioner is entitled to due process tolling if the grounds for post-conviction relief arose after the running of the statute. *See Sands v. State*, 903 S.W.2d 297, 301-02 (Tenn. 1995) (citing *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). "In every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011) (emphasis in original). Thus, in order to succeed, a petitioner must provide sufficient facts which prove one of these limited circumstances affected the filing of his post-conviction petition. *Eddie Williams v. State*, No. W2011-00202-CCA-R3-PC, 2011 WL 2410364, at *1-2 (Tenn. Crim. App. June 9, 2011), *perm. app. denied*, (Tenn. Oct. 18,

---

[1]Due to a mailing error, the petitioner also filed an untimely notice of appeal. However, this Court waived the timeliness requirement by order on September 1, 2017.

2011). Absent sufficient facts establishing a petitioner is entitled to due process tolling, an untimely petition must be dismissed. *Id.*

On appeal, the petitioner concedes he filed an untimely post-conviction petition, but asserts due process concerns should toll the one-year statute of limitations. However, no facts exist to support due process tolling of the one-year statute of limitations. The record shows this Court denied the petitioner's direct appeal on August 25, 2015. As such, the statute of limitations for the petitioner's post-conviction claim expired on August 25, 2016, but the petition was not filed until September 30, 2016. The petition was untimely.

Further, the record lacks sufficient facts to warrant due process tolling of the petitioner's untimely post-conviction claims. In denying relief, the post-conviction court provided the following review of the petitioner's due process claims:

> The burden is on the petitioner to explain why the [s]tatute of [l]imitations should be tolled. The testimony adduced at the hearing indicated that the petitioner knew that the Court of Criminal Appeals had ruled on August 25, 2015, and further that his attorney was not going to appeal to the Supreme Court and that he had 60 days if he chose to do so. He testified that he assumed that he had one year from that date to file any post-conviction petitions. Unfortunately, he took the advice of a "jail house lawyer" who counseled him and that he subsequently paid to prepare his pleadings. The assumption reached by all is that the "jail house lawyer" concluded that the [s]tatue [o]f [l]imitations ran from October 25, 2015, instead of August 25, 2015. In reliance on this bad information the petitioner did not file his petition until October of 2016, beyond the [s]tatute of [l]imitations. The law presumes that a petitioner knows the law and it is his responsibility to comply with that law. In this case the petitioner took the advice of a "jail house lawyer" to his detriment. As a result of the petitioner's decision and his own conduct he failed to file his petition timely. The circumstances were not beyond his control and he is to be held responsible for his actions or lack thereof. Nothing prevented him from reading the statute for himself and determining the filing deadline. The petitioner has failed to carry his burden of proof on this issue.

> Further, the petitioner argues that trial counsel had an obligation to tell him the filing deadline for post-conviction petitions. He has failed to sight any authority for said argument. Finally, he argues that the "jail house lawyer" was acting as an agent for the State because he worked in the library at the prison giving out advice. The petitioner testified, however,

that the "jail house lawyer" only gave advice and did not prepare petitions until he was hired. In this case the petitioner hired a "jail house lawyer" to prepare his pleadings and again he must suffer the consequences of a bad decision. There is no proof that the State or any representative of the state in any way hindered the petitioner's ability to read, know and timely file a petition for post-conviction relief. Again the petitioner has failed to carry his burden of proof.

We agree with the post-conviction court's assessment of the petitioner's claims. Nothing in the record supports the due process tolling of the petitioner's claims. The record shows the petitioner relied on advice from another inmate in filing his petition, and the inmate was in no way a state actor. Additionally, trial counsel was under no duty to inform the petitioner of his post-conviction deadline. *See State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995) (noting "that a petitioner's ignorance of the existence of the statute of limitation, even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute"). The record makes clear the petitioner filed his post-conviction petition outside of the one-year limitations period, and he has failed to present any facts to support due process tolling of the statute of limitations. Accordingly, the order of the post-conviction court denying the petitioner's post-conviction petition as time-barred must be upheld.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's order dismissing the post-conviction petition as time-barred.

_____
J. ROSS DYER, JUDGE

- 5 -